IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**
**AUG 3 1 2009**
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| LIVE365, INC., a Delaware corporation<br>950 Tower Lane, Suite 1550<br>Foster City, CA 94404<br><br>        Plaintiff,<br>vs.<br><br>COPYRIGHT ROYALTY BOARD<br>James Madison Memorial Building, LM401<br>101 Independence Avenue, SE<br>Washington, D.C. 20559-6000<br><br>and<br><br>JAMES H. BILLINGTON, *in his official capacity*<br>*as Librarian of Congress*,<br>James Madison Memorial Building, LM401<br>101 Independence Avenue, SE.,<br>Washington, DC. 20559-6000<br><br>and<br><br>JAMES SCOTT SLEDGE, STANLEY C.<br>WISNIEWSKI, and WILLIAM J. ROBERTS, *in*<br>*their official capacities as Judges of the Copyright*<br>*Royalty Board*,<br>James Madison Memorial Building, LM0401<br>101 Independence Avenue, SE<br>Washington, D.C. 20559-6000<br><br>    *ALL DEFENDANTS – Serve:*<br>    General Counsel<br>    Copyright Information Section<br>    U.S. Copyright Office, Library of Congress<br>    James Madison Memorial Building,<br>    LM401<br>    101 Independence Avenue, SE.,<br>    Washington, DC. 20559-6000<br><br>        Defendants. | Case No._____<br><br><br><br><br><br><br><br><br><br><br><br><br>Case: 1:09-cv-01662<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 8/31/2009<br>Description: General Civil |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1

Plaintiff Live365, Inc., by and through its undersigned attorneys for its Complaint for Declarative and Injunctive Relief, alleges:

## INTRODUCTION

1.   This action seeking declaratory and injunctive relief is a facial constitutional challenge under the "Appointments Clause" of the U.S. Constitution, U.S. Const. art. II, § 2, cl. 2, to the formation of the Copyright Royalty Board ("CRB"). Under a 2004 amendment to the U.S. Copyright Act, 17 U.S.C. § 801, *et seq.* (the "Act") establishing the CRB, the Librarian of Congress (the "Librarian") appoints three full-time Copyright Royalty Judges, who are charged with establishing rates and terms for various statutory compulsory licenses for use of certain copyrighted works. As one member of the U.S. Court of Appeals for the D.C. Circuit recently recognized in *SoundExchange, Inc. v. Librarian of Congress*, "billions of dollars and the fates of entire industries can ride on … decisions" by the CRB, which "exercises expansive executive authority analogous to … FERC, the FCC, the NLRB, and the SEC," even though, "unlike those similarly powerful agencies … [CRB Judges] have not been nominated by the President and confirmed by the Senate." 571 F.3d 1220, 1226 (D.C. Cir. 2009) (Kavanaugh, J., concurring). Such appointments of CRB Judges by the Librarian are unconstitutional under the Appointments Clause, because their appointments are not made by the Executive, nor do they answer to, or are subject to oversight of or removal by, the Executive branch; however, they function in all respects as Principal Officers who must be so appointed. Therefore, all powers and authorities exercised by the CRB are null and void, as further alleged below, and it is imperative to have this matter, which the CRB cannot itself pass upon, decided before it conducts any further proceedings or issues rulings that may later have to be vacated because the CRB was created unconstitutionally.

2.   By this action, Plaintiff Live365, Inc. seeks:

   (i)   a declaration that 17 U.S.C. § 801, the statute providing for appointment of the CRB's Copyright Royalty Judges by the Librarian, is unconstitutional in violation of the

Appointments Clause of the U.S. Constitution, U.S. Const. art. II, § 2, cl. 2 (the "Constitutional Issue"); and

    (ii) a preliminary and permanent injunction staying all further proceedings before the CRB – including the action styled *In the Matter of Digital Performance Right In Sound Recordings And Ephemeral Recordings*, Docket No. 2009-1 (CRB Webcasting III) – until the Constitutional Issue has been fully resolved.

## JURISDICTION AND VENUE

3. This action arises under the Appointments Clause and the Copyright Act. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 2201, and 2202.

4. Venue is proper in this district under 28 U.S.C. § 1391(e) because a substantial part of the events and conduct by the Defendants giving rise to the claims in this action occurred or failed to occur in the District of Columbia.

## PARTIES

5. Plaintiff Live365, Inc. ("Live365" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Foster City, California. Live365 is an aggregator of digital radio stations that operates under compulsory licenses established pursuant to 17 U.S.C. §§ 112 and 114. Its website is available worldwide at www.live365.com. Live365 is a participant in the matter styled *In the Matter of Digital Performance Right In Sound Recordings and Ephemeral Recordings*, Docket No. 2009-1 (CRB Webcasting III) (hereinafter, "2009 WEB III CRB Proceeding"), which is presently pending before the CRB.

6. Defendant Copyright Royalty Board ("CRB") is a tribunal that determines rates and terms for copyright statutory licenses under, *inter alia*, 17 U.S.C. §§ 112 and 114, pursuant

to powers vested in it by 17 U.S.C. § 801, *et seq*. The CRB is an administrative body of the United States, and has its principal office located in the District of Columbia.

    7.    Defendant James Scott Sledge is the Chief Copyright Royalty Judge of the CRB, appointed to his position by the Librarian on January 11, 2006. As a CRB Judge, he is responsible for carrying out the powers delegated to the CRB by the Act. Chief Judge Sledge is sued in his official capacity.

    8.    Defendant Stanley C. Wisniewski is a Copyright Royalty Judge of the CRB, appointed to his position by the Librarian on January 11, 2006. As a CRB Judge, he is responsible for carrying out the powers delegated to the CRB by the Act. Judge Wisniewski is sued in his official capacity.

    9.    Defendant William J. Roberts is a Copyright Royalty Judge of the CRB, appointed to his position by the Librarian on January 11, 2006, and reappointed by the Librarian to that position in 2008 upon expiration of his initial two-year term. As a CRB Judge, he is responsible for carrying out the powers delegated to the CRB by the Act. Judge Roberts is sued in his official capacity.

## FACTS

**The Appointments Clause**

    10.    The Appointments Clause of the Constitution provides that:

> [The President] shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law: but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.

11. The Constitution thus establishes two tiers of officers whose appointments must satisfy the Appointments Clause: first, "Officers of the United States," whether listed in the Appointments Clause or whose appointments are not provided for in the Constitution, all of whom must be appointed by the President with the advice and consent of the Senate; and second, "inferior Officers" that Congress wishes to establish, whose appointment it may not undertake itself, but as to whom it has the power to decide whether to vest appointment powers in the President alone, the Courts, or Heads of Departments. In this connection, the Appointments Clause creates "principal" and "inferior" officers.

12. Heads of Departments are limited to heads of Cabinet-level departments, and perhaps non-Cabinet level departments in the executive branch reporting directly to and accountable to the President, including heads of agencies immediately below the President in the organizational structure of the executive branch.

13. Though Congress may create offices, and may select among the prescribed methods of appointment of individual officers, neither Congress nor any department in the legislative branch of government has the power to appoint the individual officers who may fill such offices.

**The Library of Congress, the Librarian, and the Copyright Royalty Board**

14. The Library of Congress is a federal agency that is not part of the executive branch but rather falls under the legislative branch, and is therefore not a Head of an executive Department of the United States.

15. The Librarian of Congress sits atop the legislative unit comprising the Library of Congress, and is appointed by the President with the advice and consent of the Senate.

16. In 2004, Congress enacted the Copyright Royalty And Distribution Reform Act of 2004, Pub. L. 108-419, 118 Stat. 2341 (2004), which among other things created the CRB to set rates and terms under the various statutory compulsory licenses contained in the Act.

17.     Congress delegated the appointment of Judges on the CRB to the Librarian. Under the Act, the Librarian shall make such appointments "after consultation with the Register of Copyrights." 17 U.S.C. § 801(a).

18.     Under 17 U.S.C. § 801(a) ("Copyright Royalty Judges; appointment and functions"), the Librarian is to appoint three full-time Copyright Royalty Judges to fill out the CRB and carry out the functions specified in 17 U.S.C. §§ 801-804.

19.     The CRB acts with "plenary" authority of the Library of Congress, independent of the supervision and control of the Librarian. Under 17 U.S.C. § 802(f) ("Independence of Copyright Royalty Judge"), the CRB has broad discretion to conduct hearings, issue subpoenas, render decisions and impose regulations governing the rates and terms of the subject compulsory licenses which are binding on all applicable copyright owners and users.

20.     Under 17 U.S.C. § 802(i) ("Removal or Sanction"), CRB Judges may be removed by the Librarian only for misconduct, neglect of duty, disqualifying disability, a financial conflict of interest, or impermissible *ex parte* communications.

21.     The Librarian has no effective oversight over the CRB. It has, for example, no day-to-day control over the CRB, no control over the conduct of the hearings before the CRB, and no input into the fact-finding decisions of the CRB, save for the Register of Copyrights' ("Register") mandate to rule on so-called "Novel questions of Law" when the CRB requests such a ruling. And while the Register has authority to review the CRB's conclusions for legal error, along with conclusions involving an error in interpretation of the statutory provisions, any decision on legal error by the Register simply becomes part of the record, and any decision by the Register regarding statutory interpretation are only binding as precedent upon the CRB in subsequent proceedings. Accordingly, in neither case do such decisions by the Register "reverse" CRB determinations.

22.     The CRB Judges exercise their determinations of reasonable rates and terms under various Copyright Act statutory licenses in a Court-like forum in accord with regulations issued by the CRB Judges themselves and by the CRB. *See, e.g.*, 37 C.F.R. § 351. The

regulations empower the CRB Judges, among other things, to oversee discovery processes, issue subpoenas, rule on the admissibility of evidence, control the questioning of witnesses, and conduct rebuttal proceedings. In addition, Section 803(c)(5) of the Copyright Act empowers CRB Judges to grant protective orders, while Section 803(d)(4) provides for appeals of CRB decisions directly to United States Court of Appeals for the District of Columbia Circuit.

23. Because the CRB exercises governmental powers and the CRB Judges exercise significant authority and power under the laws of the United States, they act as "Principal Officers" of the United States. Notwithstanding that fact, CRB Judges are not empowered to rule on the Constitutional Issue presented here, as they have neither the statutory authority to decide the issue, nor may pass on the constitutionality of their own appointment.

24. Alternatively, the Copyright Royalty Judges are inferior offices who must be appointed, *inter alia*, by a Head of Department, and the Librarian of Congress, as an officer in the Legislative Branch, is not a Head of Department

**The 2009 WEB III CRB Proceeding**

25. The CRB Judges set rates and terms for statutory compulsory licenses under 17 U.S.C. §§ 112 and 114 that directly affect the viability of Plaintiff's business, as well as that of the other participants in the 2009 WEB III CRB Proceeding, including RealNetworks, Inc., and SoundExchange, Inc.

26. On January 5, 2009, in accordance with 17 U.S.C. § 803(b) *et seq.* and 37 C.F.R. § 351 *et seq.*, the CRB announced, via a request for Petitions to Participate, commencement of the 2009 WEB III CRB Proceeding to set rates and terms that will apply from January 1, 2011 through December 31, 2015, to compulsory licenses under 17 U.S.C. §§ 112 and 114.

27. Pursuant to Section 803(c) of the Copyright Act, the 2009 WEB III CRB Proceeding must be completed by the CRB no later than December 16, 2010.

28. Previous CRB proceedings to set rates and terms under 17 U.S.C. §§ 112 and 114 – *i.e.*, "WEB I" and "WEB II" – similarly consumed the period provide by statute and entailed millions of dollars in costs to those who participated.

29. On or about January 28, 2009, Live365, together with numerous other parties, filed Petitions to Participate in the 2009 WEB III CRB Proceeding. Other than this ministerial action to assure participation in the 2009 WEB III CRB Proceeding, and withdrawal of several parties to the 2009 WEB III CRB Proceeding, no further activity has taken place as of the filing of this Complaint.

30. On June 24, 2009, the CRB issued an order setting a deadline of September 29, 2009 for the parties to file their written direct statements in the 2009 WEB III CRB Proceeding.

31. Since the parties must file their written direct statements by September 29, 2009, this action seeks timely relief from the CRB's order and to stay the 2009 WEB III CRB Proceeding pending determination of whether the CRB Judges have been appointed in violation of the Appointments Clause. This serves the interests of judicial economy, and of Plaintiff and all parties to the WEB III CRB Proceeding who, if that proceeding is not stayed, face the prospect of engaging in a costly, intensive, year-long proceeding that may later be deemed null and void by a judicial determination that the CRB was constituted and sat in contravention of the Appointments Clause

32. It is further in the interests of public policy that Congress abide by the Appointments Clause and that, when it fails to do so, this constitutional infirmity be corrected at the earliest possible opportunity.

33. Because the CRB Judges lack the authority to rule on the Constitutional Issue, Plaintiff cannot seek relief on the Constitutional Issue from the CRB. Rather, it would be forced to fully participate in the 2009 WEB III CRB Proceeding in order to preserve its rights while planning to raise the question upon appeal of a decision therein to the D.C. Circuit. Pursuing the instant action directly in this Court for resolution of the Constitutional Issue, accordingly, is the only avenue for Live365 to get expedited relief on the Constitutional Issue and avoid irreparable injury.

## COUNT ONE

**(Declaratory Relief)**

34. Plaintiff repeats and realleges the allegations in paragraphs 1 through 33 above, inclusive, as though fully set for the herein.

35. Under the Appointments Clause of the Constitution, principal officers of the United States must be nominated by the President and confirmed by the Senate, and inferior officers of the United States must be appointed by the President, Courts of Law, or Heads of Departments.

36. Congress has, through Section 801(a) of the Copyright Act, created the CRB and entrusted appointment of CRB Judges to the Librarian.

37. The Librarian is not the President, nor a Court of Law.

38. The Librarian is not the Head of a Department insofar as the Library of Congress is in the legislative branch, not the executive branch.

39. The appointment of CRB Judges by the Librarian of Congress violates the Appointments Clause because either: (i) the Copyright Royalty Judges are principal officers who must be appointed by the President of the United States because they are not removable at will and their decisions regarding royalty rates are not reversible by the Librarian of Congress or any other Executive Branch official, or, in the alternative, (ii) the Copyright Royalty Judges are inferior offices who must be appointed, *inter alia*, by a Head of Department, and the Librarian of Congress, as an officer in the Legislative Branch, is not a Head of Department.

40. Plaintiff has no adequate remedy at law, and no money damages can remedy this constitutional infirmity.

41. Accordingly, an actual controversy has arisen and presently exists as to the constitutionality of the appointment of the CRB Judges, as alleged herein, and Plaintiff requests – and are entitled to – a determination in accordance with its contentions herein.

## COUNT TWO

### (Injunctive Relief)

42. Plaintiff repeats and realleges the allegations in paragraphs 1 through 41 above, inclusive, as though fully set forth herein.

43. Based on the facts alleged hereinabove, Plaintiff has a substantial likelihood of success on the merits of its request for a declaration from this Court that the appointment of the CRB Judges violates the Appointments Clause.

44. Plaintiff is suffering and continues to suffer significant irreparable harm because, *inter alia*, it will participate in the 2009 WEB III CRB Proceeding before CRB Judges who are sitting unconstitutionally, thereby both depriving Plaintiff of its right to have a properly constituted body set the rates and terms for licenses relevant to its business, and putting it in the position of committing considerable time and expense to participating in a proceeding before an improperly constituted body whose decision may be rendered a legal nullity after-the-fact.

45. Plaintiff has no adequate administrative remedy.

46. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

(A) A declaration pursuant to 28 U.S.C. § 2201 that appointment of the Copyright Royalty Judges by the Librarian of Congress is unconstitutional;

(B) A preliminary and permanent injunction pursuant to 28 U.S.C. § 2202 ordering the Defendants to stop all current proceedings – including the 2009 WEB III CRB Proceeding – until the Constitutional Issue is decided by this Court;

(C) An award of costs and attorneys fees to Plaintiff as is applicable; and

(D) Such other and further relief as this Court deems just and proper.

DATED: August 31, 2009

Respectfully submitted,

*[signature: Adam S Caldwell]*

Adam S. Caldwell – Bar No. 445786
Ronald G. London – Bar No. 456284
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

ATTORNEYS FOR PLAINTIFF

*Of Counsel:*
Kenneth D. Freundlich
FREUNDLICH LAW
9100 Wilshire Blvd. Suite 615 East
Beverly Hills, CA 90212
(310) 275-5350